# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBBIE JORDAN,

    Plaintiff,

v.

BELT RAILWAY COMPANY OF
CHICAGO and TIMOTHY COFFEY,

    Defendants.

No. 06 C 6024
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

I previously granted summary judgment in favor of Defendants Belt Railway Company of Chicago ("BRC") and Timothy Coffey as to Plaintiff Robbie Jordan's FMLA retaliation claim in its entirety (Count IV) and partially granted summary judgment in favor of Defendants as to Plaintiff's FMLA interference claims (Count III).[1]  Plaintiff voluntarily dismissed his race discrimination and retaliation claims (Counts I and II) in his response to Defendants' summary judgment brief.

Defendants now move for sanctions on the basis that Plaintiff's conduct forced Defendants to needlessly devote significant time and resources in defending against baseless race discrimination claims, which delayed the progression of this matter by at least eight months and otherwise detracted from the spirit if not the principle of judicial economy.  Defendants move pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to protect the orderly

---

[1] Defendants filed a Bill of Costs in the amount of $5,876.44.  Defendants have also filed an appeal to the Seventh Circuit from judgment for Plaintiff on part of Count III.  Defendants have requested that I stay any ruling on the Bill of Costs pending the outcome of the appeal, which I will do.

administration of justice.[2] Defendants seek attorneys' fees that they incurred while litigating against Plaintiff's race discrimination claims, as well as the costs associated with preparing their motion for sanctions.

Plaintiff's complaint was filed in November 2006, and I originally set the fact discovery cut-off date for August 31, 2007. Plaintiff moved four times to extend the discovery cut-off period, primarily on the basis of obtaining information relating to his race discriminations claims. Plaintiff was deposed on December 6, 2007. During the March 2008 hearing regarding Plaintiff's fourth motion for an extension, Plaintiff requested leave to depose George LaValley and Michael Paras, stating that they were the decision-makers in a series of seven or eight promotions at BRC. Paras was deposed on March 28, 2008.

Subsequently, Defendants made clear to Plaintiff that his failure to promote (on the basis of race) claims lacked merit on multiple bases. In particular, in two separate letters, one dated April 1, 2008 and the other dated April 9, 2008, defense counsel advised Plaintiff's counsel that the anticipated deposition of LaValley represented a needless waste of time, as all of Plaintiff's failure to promote claims involving LaValley were time-barred. Defendants' counsel relied on Plaintiff's own deposition testimony to both repeatedly urge opposing counsel verbally and twice

---

[2] Plaintiff argues that his actions do not warrant sanctions because a defendant is not generally entitled to attorney's fees against a non-prevailing party in a civil rights action. However, Defendants' request for sanctions derives solely from Section 1927 and this Court's inherent authority, and not from 42 U.S.C. § 1988, which provides for an award of attorneys' fees for the "prevailing party in a civil rights action." The cases cited in Plaintiff's response brief that address attorney fee awards under Section 1988 are not applicable here.

in writing as to the lack of any legitimate basis for taking LaValley's deposition. Nevertheless, Plaintiffs opted to take LaValley's deposition on April 14, 2008.[3]

On October 1, 2008, Defendants filed their motion for summary judgment as to all of Plaintiff's claims. On that same date, Plaintiff filed a cross-motion for partial summary judgment, limiting the scope of that pleading to the claims brought under the FMLA. Plaintiff cited no testimony from LaValley's deposition in any of the summary judgment pleadings and made only minimal references to Paras' deposition testimony. Defendants' Rule 56.1 Statement cited undisputed facts regarding the lack of merit to any of Plaintiff's failure to promote claims.[4]

---

[3] Defendant makes much of the fact that LaValley, now retired, traveled ten hours from remote Douglas County, Oregon to Chicago for his deposition. However, during the March 2008 hearing before me, counsel for Plaintiff offered to either take the deposition in Oregon (where defense counsel has offices) or to do the deposition remotely via video.

[4] A summary of those undisputed facts is as follows:

Plaintiff sought promotion to the trainmaster position, a management level and non-contract position, from his then position as yardmaster, a position covered under the collective bargaining agreement . . . and occupants of the trainmaster position (unlike the hourly paid yard master position) are compensated on a salary basis and eligible for a performance bonus, but are also subject to an employment at-will relationship with BRC and not afforded an investigation hearing or progressive discipline for any employment infractions.
The three types of promotion protocol that Plaintiff claimed BRC employed with respect to all his failure to promote claims all occurred during the time-barred time period when Mr. LaValley was responsible for making promotion decisions to the trainmaster position.
Mr. Paras, the decision-maker for promotions to the trainmaster position from January 1, 2005 to the present, established one sole baseline protocol for those interested in that position: any candidate must first submit their credentials in writing within six months of a vacancy before BRC could consider them as eligible for the position.
BRC never received from Plaintiff any written submission of his credential for promotion to the trainmaster position at any point in time after Mr. Paras had assumed decision-making authority for promotions to that position.
All of Plaintiff's alleged comparators who BRC selected for the trainmaster position since January 1, 2005 submitted written credentials regarding their respective candidacies for that position.

Plaintiff admitted all of the facts as undisputed, but qualified his admissions as "immaterial." Those paragraphs, Defendants argue, demonstrated (1) Plaintiff's inability to allege the elements of a cause of action related to those promotions he claimed were unfairly awarded after January 1, 2005, and (2) that all of Plaintiff's failure to promote claims preceding that date were time-barred.

Plaintiff's response brief indicated that he chose not to contest Defendants' summary judgment motion as to the claims brought under Section 1981 because of his interest in preserving judicial economy and because the "lions share" of the liability lay within his claim made pursuant to the FMLA.

Defendants contend that Plaintiff should have given up on his race discrimination claims under Section 1981 before conducting the depositions of LaValley and Paras. Specifically, Defendants argue that the failure to promote claims involving LaValley were time-barred. With regard to Paras, Defendants argue that Plaintiff's counsel knew that Plaintiff had failed to submit his written credentials to Paras, which was indisputably a pre-condition for promotion during Paras' tenure. Defendants believe sanctions are warranted because: (1) Plaintiff needlessly moved for multiple extensions of time, advocating that Counts I and II had merit; (2) Plaintiff needlessly took the depositions of LaValley and Paras despite having knowledge of undisputed fact and legal considerations undermining his race discrimination claims; and (3) Plaintiff abandoned his race discrimination claims only after Defendants moved for summary judgment, a pleading which included the same facts and arguments regarding Plaintiff's race discrimination claims as what counsel for Defendants had earlier advised counsel for Plaintiff through multiple correspondences.

As a threshold issue, Plaintiff's argument that civil rights cases are presumptively excluded from sanctions under Section 1927 and this Court's inherent authority is without merit. The Seventh Circuit has found sanctions are appropriate in civil rights cases under Section 1927 and this Court's inherent power in circumstances similar to the ones presented here. *See Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779-80 (7th Cir. 1991); *Greening v. Moran*, 953 F.2d 301, 306-307 (7th Cir. 1992); *Hamer v. County of Lake* 819 F.2d 1362, 1370 n. 15 (7th Cir. 1987). Likewise, attorneys' fees are not barred to a defendant where the plaintiff has asserted at least one non-frivolous claim. A plaintiff "is not absolved from his sanctionable conduct by stating meritorious claims." *Retired Chicago Police Ass'n v. Firemen's Annuity & Benefit Fund*, 145 F.3d 929, 935 (7th Cir. 1998).

Had Plaintiff's counsel done his job in an objectively reasonable manner, he would have realized that his client did not have a case under Section 1981 months before November 3, 2008 (the date of Plaintiff's response brief to Defendants' motion for summary judgment). *See Claiborne v. Wisdom*, 414 F.3d 715, 721-22 (7th Cir. 2005) (affirming an award of sanctions where opposing counsel should have realized that her client did not have a case months before voluntarily dismissing the case). The question then, is at what point would it have been objectively reasonable for Plaintiff to withdraw his claims based upon racial discrimination.

Under *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989) and *Jones v. R.R. Donnelly & Sons, Co.*, 541 U.S. 369 (2004), a Section 1981 claim based on a promotion opportunity that would create a "new and distinct relation between the employee and employer" is subject to a two-year statute of limitations rather than the four-year statute of limitations otherwise applicable to claims arising under Section 1981. Whether or not Plaintiff's promotion

5

from yardmaster to trainmaster would create a "new and distinct" relationship would, as Plaintiff plausibly argues, require discovery to determine the qualitative, rather than quantitative, differences in those positions. *See Taylor v. Western and Southern Life Inc. Co.*, 966 F.2d 1188 (7th Cir. 1992). Accordingly, it was reasonable for Plaintiff to continue with the depositions of LaValley and Paras to determine the viability of the underlying race discrimination claims in the event that the statute of limitations did not prove to be a barrier. In addition, even if Plaintiffs were to concede the statute of limitations issue, Plaintiff had a reasonable basis for seeking discovery as to earlier, time-barred incidents because such incidents are allowed as support for a timely claim.

However, Plaintiff's deposition testimony, the protracted discovery schedule, and the last minute withdrawal of two of the four counts in Plaintiff's complaint warrant the imposition of at least some sanction in this case. In addition, Plaintiff's counsel's own stated rationales for withdrawing the race discrimination claims provide further support for the imposition of a sanction. Over seven months passed between the conclusion of LaValley and Paras' depositions and the deadline for filing dispositive motions. If Plaintiff were really concerned with judicial economy, he would not have waited until after Defendants moved for summary judgment as to his race discrimination claims to decide to abandon them. Regarding the rationale that the "lion's share" of damages would result from Plaintiff's FMLA claims, under the FMLA an employer is liable only for compensation and benefits lost "by reason of the violation," 29 U.S.C. § 2617 (a)(1)(A)(i)(I), for other monetary losses sustained "as a direct result of the violation," § 2617 (a)(1)(A)(i)(II), and for "appropriate" equitable relief, including employment, reinstatement, and promotion. § 2617(a)(1)(B). Comparatively, an individual who establishes a

cause of action under Section 1981 is entitled to both equitable and legal relief, including uncapped compensatory and punitive damages. *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964-65 (7th Cir. 2004).

Accordingly, I grant Defendants' motion for sanctions. Plaintiff's counsel is ordered to pay the amount of attorneys' fees incurred by Defendants in litigating against Plaintiff's race discrimination claims from May 5, 2008 (three weeks after the date of LaValley's deposition and the last date on which Plaintiff could have reasonably continued to press those claims) until the present, as well as the reasonable costs associated with the preparing of the instant motion.

ENTER:

James B. Zagel
United States District Judge

DATE: September 11, 2009